HALSTED SMITH, plaintiff in error, vs. HENRY E. SMITH, defendant in error.

When a garnishee answered that at the time of the service of the garnishment he was indebted to the defendant a certain sum; that the said debt was a judgment, that execution had issued and was in the hands of the sheriff, who was pressing him for payment; that he notified the plaintiff and his attorney of these facts, and that he would pay the money to the sheriff unless they took the proper steps to restrain the sheriff and protect him; that they did nothing to restrain the sheriff, and the garnishee, to save his property from levy and sale, paid the money to the sheriff with full notice to the plaintiff:

*Held*, that it was not error in the court, there being no traverse of his answer, to refuse to permit judgment to go against the garnishee.

Garnishment.   Before Judge SCHLEY.   Bryan Superior Court.   April Term, 1874.

It is unnecessary to an understanding of this decision to add to the facts embraced in the above head-note.

HALSTED SMITH; MELDRIM & ADAMS, for plaintiff in error.

CHARLES N. WEST, by R. H. CLARK, for defendant.

McCAY, Judge.

It would be a gross injustice to the garnishee to permit the plaintiff to take a judgment against him.   Even if it be the law of this state that a garnishment will reach a debt reduced to a judgment, and in execution in the hands of the sheriff, the facts of this case show that the garnishee gave fair notice to the plaintiff that the sheriff was pressing him; that his property was about to be levied on, and that if he expected to get his money out of the debt due by the judgment, he must restrain the sheriff.   This the plaintiff undertook to do by giving the sheriff notice that when the money was paid he should hold it to meet his garnishment.   Here was a plain invitation to the garnishee to pay the money to the sheriff, and if he did so, it would be gross injustice to permit the

plaintiff to go now upon him for it.     That his mere notice to the sheriff was not sufficient, was not the garnishee's fault. He could have garnished the attorney, or taken steps to restrain the sheriff.     It is by no means a clear case that a mere garnishment can reach a debt situated as this was.     Clearly it would not operate, *ipso facto*, to restrain the sheriff, and we are not prepared to say that the garnishee must submit to a levy, so that he can file an affidavit of illegality, or that he, who is in this position between the two, without any fault of his own, must go to the expense of filing a bill to restrain the debtor and the sheriff.     Evidently an injunction is the only remedy, unless the garnishee submits to levy.     Who ought, in justice, to take the expense of such a proceeding?     Who is alone able to satisfy a chancellor that the debt on which the attachment is founded is a just one?     We incline to think this duty is on the plaintiff, especially after he is notified that the debt is in judgment and execution.   We do not, however, absolutely decide this.     This case stands on peculiar grounds, and we decide it on its own facts.

Judgment affirmed.